IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DETROIT DIVISION

CIVIL ACTION NO:

INGRID RICE,

    Plaintiff,

vs.

TOTAL HOME HEALTH
AIDE SERVICES INC.,

    Defendant.

_____/

## COMPLAINT

*[Jury Trial Demanded]*

Plaintiff, INGRID RICE, for this Complaint against Defendant, TOTAL HOME HEALTH AIDE SERVICES INC. states and alleges the following:

### SUMMARY

1. TOTAL HOME HEALTH AIDE SERVICES INC. (hereinafter "Defendant") required and/or permitted INGRID RICE (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate her properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which she now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district because Defendant engages in business and maintains its principal place of business here.

## THE PARTIES

6. Plaintiff, INGRID RICE, is a former employee of Defendant, TOTAL HOME HEALTH AIDE SERVICES INC.

7. Defendant TOTAL HOME HEALTH AIDE SERVICES INC. is a domestic corporation with its principle place of business in Southfield, Michigan.

## COVERAGE

8. Defendant TOTAL HOME HEALTH AIDE SERVICES INC. is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce. Defendant further utilized electronic means and the U.S. Mail to received interstate payment for services rendered to its patients.

13. At all times material hereto, in furtherance of Defendant's operations, Plaintiff, INGRID RICE individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities of interstate commerce including but not limited to phones and U.S. Mail.

## FACTUAL ALLEGATIONS

14. Defendant engaged in the business of providing home health care services to its customers.

15. Plaintiff began working for Defendant on or about April 3, 2016 as an hourly home health aide and continued employment with Defendant until on or about September 30, 2016.

16. Plaintiff approximates that she worked an average of 60 hours per week for Defendant.

17. Defendant compensated Plaintiff at $10.00 per hour worked for every hour worked, regardless of the number of hours worked.

18. Plaintiff did not properly receive overtime compensation for hours exceeding forty in a workweek in violation of and as contemplated by the FLSA.

## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### (OVERTIME)

19. Plaintiff incorporates all allegations contained in the preceding paragraphs.

20. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

21. Defendant's failure to pay overtime compensation to Plaintiff violates the FLSA.

22. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

23. As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

24. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

25. Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

26. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

27. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

28. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

29. WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a. overtime compensation for all unpaid hours worked more than forty hours at the rate of one and one-half times her regular rate;

b. an equal amount as liquidated damages as allowed under the FLSA;

c. damages accrued up to three years;

d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

e. pre-judgment and post judgment interest at the highest rates allowed by law; and

f. such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ *James M. Loren, Esq.*
**James M. Loren**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No. 031186
1700 Park Street, Suite 103
Naperville, IL 60563
Main Phone:   800-719-1617
Facsimile:      (954) 585-4886
jloren@goldbergloren.com
Ggoldberg@goldbergloren.com
*Attorneys for Plaintiff*